495 F.Supp. 1185 (1980)
In re SWINE FLU IMMUNIZATION PRODUCTS LIABILITY LITIGATION.
Robert E. WAY, Plaintiff,
v.
UNITED STATES of America, Defendant.
Willmah C. REIGER, Plaintiff,
v.
UNITED STATES of America, Defendant.
Mildred B. LEWIS, Plaintiff,
v.
UNITED STATES of America, Defendant.
Dick PRYOR, Plaintiff,
v.
UNITED STATES of America, Defendant.
Ray Allen KOGER, Plaintiff,
v.
UNITED STATES of America, Defendant.
Cleve BELLER, Plaintiff,
v.
UNITED STATES of America, Defendant.
Fae L. GATES and Marvin T. Gates, Plaintiffs,
v.
UNITED STATES of America, Defendant.
Alice SCHNECK, Plaintiff,
v.
UNITED STATES of America, Defendant.
Vivian CRUSON, Plaintiff,
v.
UNITED STATES of America, Defendant.
William R. COLE, Plaintiff,
v.
UNITED STATES of America, Defendant.
Civ. A. Nos. 79-765 to 79-767, 79-775 to 79-777, 79-875, 79-902, 79-1185 and 79-1262.
United States District Court, W. D. Oklahoma.
July 14, 1980.

ORDER APPOINTING PANEL OF MEDICAL EXPERTS
SHERMAN G. FINESILVER, District Judge, Sitting by Designation.
THESE MATTERS arise under the National Swine Flu Immunization Program of 1976 (Public Law 94-380; 42 U.S.C. § 247b(j)-(l)) [hereinafter referred to as "Swine Flu Act"]. The Swine Flu Act became law on August 12, 1976, and applies to all claims arising out of the administration of swine flu inoculations pursuant to the National Swine Flu Immunization Program of 1976.
*1186 This order applies to all of the above captioned cases and embraces the following areas:
I. Appointment of The Panel of Medical Experts
II. Areas of Inquiry of The Panel
III. Duties of the Panel
IV. Report of The Panel
V. Panel Members' Availability at Trial and For Deposition
VI. Responsibilities of Counsel
VII. Compensation of The Panel
VIII. Notice to Attorneys and Panel Members

I.

Appointment of The Panel of Medical Experts
Due to the technical complexity of certain issues involved in this litigation, the Court finds that the appointment of a Panel of Medical Experts will meaningfully assist in their resolution. We further find that the medical findings and conclusions of said Panel may significantly enhance settlement negotiations between the litigants and potentially lead to resolution of these cases without necessity of trial.
The following individuals are hereby appointed to the Panel of Medical Experts:
1. Stanley Appel, M.D. Baylor College of Medicine Houston, Texas, Department of Neurology
2. Leonard Kurland, M.D. Mayo Clinic Rochester, Minnesota Professor and Chairman, Department of Medical Statistics and Epidemiology
3. Clark Millikan, M.D. University of Utah School of Medicine Salt Lake City, Utah Department of Neurology
The Panel will choose one of its members to serve as Chairperson. The Chairperson shall be responsible for submission of the Panel's report to the Court and shall act as the Panel's representative in dealing with the Court and the litigants.

II.

Areas of Inquiry of The Panel
With respect to each individual plaintiff, the Panel shall address itself to the following areas:
(1) the nature and extent of the injuries suffered by plaintiff;
(2) the causal connection, if any, between the injuries and the immunization;
(3) the prognosis of plaintiff's condition and prospects for rehabilitation;
(4) the nature and extent of treatment which plaintiff will be required to undergo; and
WHERE THE PANEL DETERMINES THAT PLAINTIFF'S INJURY IS NOT GUILLAIN-BARRE SYNDROME, THE PANEL SHALL ADDRESS THIS ADDITIONAL AREA:
(5) what was known in the medical community prior to October 1976 about the causal relation between influenza immunization and the injury plaintiff contracted.

III.

Duties Of The Panel
The Panel shall select two members to conduct a physical examination of each plaintiff. The examination shall be conducted at a medical office, hospital or medical center in Oklahoma City, Oklahoma on a date within the period prescribed by the Court and at a time mutually convenient to both plaintiff and the Panel members. The physical examinations of plaintiffs shall be conducted no later than August 29, 1980. It is recommended that the examining physicians review plaintiff's entire medical history prior to conducting the examination.
The Panel shall review and evaluate such documents and other materials submitted by the litigants and ordered by the Court. The Panel may request additional materials or information from the litigants as the circumstances warrant. The request shall *1187 be made by the Chairperson of the Panel to the Court.

IV.

Report of The Panel
The Panel shall advise the Court and counsel in writing of its findings. Dissenting reports, if any, shall likewise be submitted. The findings shall be admissible in evidence at trial.
By September 15, 1980, the Panel shall submit in triplicate to the Clerk of the Court for the Western District of Oklahoma its report(s) as to each individual plaintiff which shall contain:
(1) findings regarding the nature and extent of the injuries suffered by plaintiff since October, 1976;
(2) findings regarding the causal connection, if any, between the injuries and the immunization;
(3) findings regarding a prognosis of plaintiff's condition and prospects for rehabilitation:
(4) findings regarding the nature and extent of treatment plaintiff will be required to undergo; and
WHERE THE PANEL HAS DETERMINED THAT PLAINTIFF'S INJURY IS NOT GUILLAIN-BARRE SYNDROME, THE PANEL SHALL MAKE THE FOLLOWING ADDITIONAL FINDINGS:
(5) findings regarding what was known in the medical community prior to October 1976 about the causal relation between influenza immunization and the injury plaintiff contracted.
The findings of the Panel shall include all facts and assumptions relied upon in reaching its conclusions, and the reasons which sustain those conclusions. The report shall highlight pertinent items in the medical history which are pivotal, verify any prior diagnosis and discuss whether the plaintiff's course is typical of the malady from which plaintiff suffers.

V.

Panel Members' Availability at Trial and For Deposition
Upon submission to the Court and the parties of the Panel's report, the parties shall have 10 days in which to submit a request to the Court to take the deposition of any member of the Panel. The Court shall then schedule for each Panel member one (or more if needed) day(s) for deposition. On the day of the deposition, each party shall have an opportunity to examine the Panel member, but the examination shall be strictly limited to matters contained in the Panel's report as to the respective plaintiff. The depositions may be used for any purpose permitted by the Federal Rules of Civil Procedure. Additionally, Panel members shall be subject to examination and cross-examination at trial.
The cost of a Panel member's attendance at a deposition or attendance at trial shall be borne by the party requesting such attendance; if both parties request attendance, the cost shall be shared equally.

VI.

Responsibilities of Counsel
By August 1, 1980, counsel shall exchange information identifying those items which the litigants intend for submission to the Panel. Such material may include medical, hospital and laboratory reports and files, excerpts of treatises and depositions. Before August 8, 1980, counsel are directed to meet and agree upon the items of evidence to be submitted to the Panel. By August 8, 1980, counsel shall file jointly, in quintuplicate, the items agreed upon for submission to the Panel with the Clerk of the Court for the Western District of Oklahoma. In the event counsel cannot agree on an item of evidence to be submitted to the Panel, the area of disagreement shall be succinctly stated in a joint submission and filed with the Court. The submission shall include a statement of position and a copy of the item in question. The Court will rule on the matter without oral argument. Disagreement, if any, shall not delay the timetable set forth herein.
*1188 Counsel shall have five days within which to comply with any request by the Panel for additional materials.

VII.

Compensation of The Panel
Compensation for the Panel shall initially be borne by the government. A total sum of $1500.00 per case shall be required for compensation of Panel members. Ultimately, this expense may be awarded as costs pursuant to 28 U.S.C. § 1920(6), to the prevailing party at trial.
In anticipation of an administrative delay attendant to formal funding requests for the government's deposit of the compensation to the Panel, a Statement of Undertaking shall be filed within 20 days of the date of this Order by the government reciting its obligation for the amount ordered and delineating the efforts which in good faith have been taken towards discharge of said obligation.
The litigants are advised that additional orders relating to fund deposits and compensation of the Panel may be entered in the future.
By September 15, 1980, the Chairperson of the Panel shall submit in triplicate a statement of fees and expenses with the Clerk of the Court for the Western District of Oklahoma.

VIII.

Notice to Attorneys and Panel Members
The Clerk of the Court for the Western District of Oklahoma is directed to mail a copy of this Order to the Panel members above-mentioned, and to all attorneys of record, including representatives of the local United States Attorney's office and the United States Department of Justice.